IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALFONSO MORRIS,<br><br> Petitioner,<br><br>vs.<br><br>JEFFERSON S. DUNN, Commissioner, Alabama Department of Corrections,<br><br> Respondent. | Case No. 2:18-cv-01578-RDP |

**PETITIONER'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS AND
REQUEST FOR AN EVIDENTIARY HEARING**

  Petitioner Alfonso Morris respectfully presents this Supplemental Memorandum in support of his Petition for Habeas Corpus, Doc. 1, and his request for an evidentiary hearing. This Memorandum addresses new arguments raised in the Respondent's Opposition to Petitioner's Motion for an Evidentiary Hearing, Doc. 29, that speak both to the need to hold an evidentiary hearing on Mr. Morris's claims of ineffective assistance of counsel and to the merits of the claims themselves.  These arguments relate to the following issues: (1) whether the ruling by the Alabama Court of Criminal Appeals that Mr. Morris's appellate brief did not comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure ("Rule 28(a)(10)") was an adequate and independent procedural ground barring federal review of his ineffective assistance of counsel claims; (2) whether Mr. Morris's ineffective assistance of counsel claims merit relief; and (3) whether Mr. Morris is entitled to an evidentiary hearing under the three-part standard laid out in *Madison v. Commissioner, Alabama Department of Corrections*, 761 F.3d 1240, 1250 (11th Cir. 2014).  For the reasons discussed herein, and in Mr. Morris's petition, his reply brief in support

of his petition, and his motion for an evidentiary hearing, Mr. Morris's ineffective assistance claims are facially meritorious and were adequately pled and ligated in state court.

**I.     Mr. Morris's Claims Are Not Procedurally Defaulted Due to the Alabama Court of Criminal Appeals' Application of Rule 28(a)(10).**

In its Opposition to Petitioner's Motion for an Evidentiary Hearing, Doc. 29, Respondent elaborates on the argument presented in its answer and response brief that Mr. Morris's ineffective assistance of counsel claims should be barred from federal review because the Alabama Court of Criminal Appeals found Mr. Morris's state appellate brief insufficient under Rule 28(a)(10).  Contrary to Respondent's insistence, the Alabama Court of Criminal Appeals rested on an inadequate state ground when it declined to consider the merits of Mr. Morris's ineffective assistance claims on the basis of Rule 28(a)(10).  As discussed in Mr. Morris's reply brief, *see* Doc. 27, at 21-26, Rule 28(a)(10) only requires an appellate brief to include "the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on."  Ala. R. App. P. 28(a)(10).  Mr. Morris's brief well exceeded that standard, yet the state court applied Rule 28(a)(10) in contravention of the dictates of the rule and its application in prior state court cases.

In responding to Mr. Morris's Rule 28(a)(10) argument in its Opposition, Respondent initially misconstrues Mr. Morris's argument, claiming that "[Mr.] Morris has suggested that Rule 28(a)(10) is not 'firmly established' or 'regularly followed.'"  Doc. 29, at 3 (quoting Doc. 27, at 21).  Mr. Morris acknowledges that there are cases from U.S. District Courts in Alabama

that have found the Alabama courts' application of Rule 28(a)(10) to be an adequate and independent state ground precluding federal habeas review, and he has never disputed this fact.[1]

Instead, Mr. Morris contends that his claims were denied through a novel and unprecedented application of Rule 28(a)(10), so the state court's ruling cannot be considered an adequate state ground precluding federal review of Mr. Morris's claims of ineffective assistance of counsel.[2] It is well settled by United States Supreme Court precedent that the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). The Eleventh Circuit has likewise held that, when an otherwise-sound state procedural rule is "applied in an arbitrary or unprecedented fashion," it cannot bar consideration of the claim on the merits in federal court. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) ("The state court's procedural rule cannot be manifestly unfair in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine." (internal quotation marks omitted)).

---

[1] The quotes "firmly established" and "regularly followed" that Respondent lifts from Mr. Morris's reply brief are from a quotation of the U.S. Supreme Court's decision in *Ford v. Georgia*, 498 U.S. 411 (1991), setting forth the general principle that "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim," *id.* at 423-24 (quoting *James v. Kentucky*, 466 U.S. 341, 348-51 (1984)). Mr. Morris goes on to argue, not that Rule 28(a)(10) is not "firmly established" or "regularly followed," but that the application of Rule 28(a)(10) in his case "was wholly unprecedented and thus does not bar federal relief." Doc. 27, at 21.

[2] The cases cited by Respondent as evidence that a Rule 28(a)(10) dismissal can be a bar to federal review, *see* Doc. 29, at 4 n.12-14, simply do not bear parallels to Mr. Morris's case. Indeed, when Respondent turns to its argument about *the application* of Rule 28(a)(10), it only cites to two of these authorities: *Taylor v. Dunn*, No. 1:14-cv-0439-WS-N, 2018 WL 575670 (S.D. Ala. Jan. 25, 2018), and *Hamm v. Allen*, No. 5:06-cv-00945-KOB, 2013 WL 1282129, at *20 (N.D. Ala Mar. 27, 2013), *aff'd sub nom. Hamm v. Comm'r Ala. Dep't of Corrs.*, 620 F. App'x 752 (11th Cir. 2015). *See* Doc. 29, at 6-11. For the reasons discussed *infra* pages 5-6, even these cases are inapposite.

As in *Lee* and *Judd*, the state court in Mr. Morris's case applied an existing procedural rule in an arbitrary, unprecedented, and exceptional manner. Until Mr. Morris's case, Alabama courts reserved the application of Rule 28(a)(10) for "those cases where there is no argument presented in the brief and there are few, if any, citations to relevant legal authority, resulting in an argument consisting of undelineated general propositions." *Ex parte Borden*, 60 So. 3d 940, 944 (Ala. 2007) (finding that dismissal is not appropriate when the brief is "sufficient to apprise the Court of Criminal Appeals of [appellant's] intentions"). Mr. Morris's brief argued across almost 50 pages, which included 96 citations to prior cases, as well as citations to statutes, other authorities, and the record, that the claims in his post-conviction petition were facially meritorious and entitled him to relief, clearly meeting his burden of presenting an argument supported by adequate citations to legal authority.

The Alabama Court of Criminal Appeals itself seemed to acknowledge that it was going beyond prior applications of Rule 28(a)(10) in Mr. Morris's case, when the court observed that earlier decisions enforced Rule 28(a)(10) "when the appellants either listed or only briefly summarized numerous claims of ineffective assistance of counsel that, they claimed, the circuit court had improperly dismissed," and "[Mr.] Morris did not merely list or summarize the 19 claims of ineffective assistance of counsel." *See Morris v. State*, 261 So. 3d 1181, 1194 (Ala. Crim. App. 2016) ("*Morris III*") (Vol. 45, Tab #R-90, at 24-25). Moreover, after Mr. Morris's case, Alabama courts have accepted appellate briefs that bear remarkable similarities to Mr. Morris's brief. In one recent opinion, the Alabama Court of Criminal Appeals observed that "[an] argument in [appellant's] brief is very similar to [his] pleadings in his amended postconviction petition" and acknowledged that "the State argues that this section . . . fails to

4

comply with" Rule 28(a)(10), but the court considered the appellant's arguments on the merits. *White v. State*, -- So. 3d ---, 2019 WL 1592492, at *9-12 & n.6 (Ala. Crim. App. Apr. 12, 2019).

After moving beyond its initial straw-man argument, Respondent's Opposition goes on to address Mr. Morris's actual averment that the "cutting and pasting" theory of Rule 28(a)(10) articulated by the Alabama Court of Criminal Appeals in his case was new and, therefore, could not serve as an adequate and independent state ground that precludes federal habeas review. After also acknowledging that "no 'cut and paste' rule exists," Respondent asserts that Mr. Morris has "offered *no argument whatsoever* supporting his position on appeal that the circuit court erred by dismissing his ineffective assistance of counsel claims." Doc. 29, at 5 (emphasis in original). This contention simply does not withstand scrutiny.

*First*, Respondent primarily argues that the Court of Criminal Appeals' application of Rule 28(a)(10) in Mr. Morris's case was supported by prior precedent based primarily on a single inapposite decision: *Taylor v. Dunn*, No. 1:14-cv-0439-WS-N, 2018 WL 575670 (S.D. Ala. Jan. 25, 2018). *See* Doc. 29, at 6-11.[3] Before the state court, the petitioner in *Taylor* provided only "a cursory summary of the allegations of the petition—with a citation only to the paragraphs of the petition in many arguments of the brief, and in other portions of the brief only to paragraphs of the petition and undelineated general principles of law." *Taylor v. State*, 157 So. 3d 131, 144

---

[3] Respondent's argument also includes two quotes from *Hamm*, 2013 WL 1282129, but nothing suggesting that *Hamm* is actually analogous to Mr. Morris's case. *See* Doc. 29 at 10-11. In fact, the petitioner in *Hamm* simply "laundry listed" ineffective assistance claims without any citation to the record or factual support. 2013 WL 1282129, at *15-18 & n. 9. The court "conclude[d] that a failure to cite legal authority, standing alone, does not result in abandonment under [Rule 28(a)(10)]. Instead, the language *and* application of [Rule 28(a)(10)] shows that Alabama courts have found waiver/abandonment of appellate claims *when an appellant listed or assigned error with no argument.* These latter defects are the type of errors in Hamm's appellate brief . . . ." *Id.* at 20 (second emphasis added). Mr. Morris's brief to the state appellate court did not have the same defects as the *Hamm* petitioner's brief was found to have.

(Ala. Crim. App. 2010).[4] Mr. Morris did far more than that, by providing all of the pleaded facts and relevant authorities for each claim. Indeed, the Alabama Court of Criminal Appeals itself recognized that *Taylor* was not the same as Mr. Morris's case: The court cited *Taylor v. State* in the *Morris* decision as a case where "the appellant[] listed or only briefly summarized numerous claims" before acknowledging that "[Mr.] Morris did not merely list or summarize" his claims. *Morris III*, 261 So. 3d at 1194 (Vol. 45, Tab #R-90, at 24-25). *Taylor v. Dunn* does not provide support for determining that Mr. Morris's ineffective assistance of counsel claims are procedurally defaulted.

*Second*, Respondent's averment that "[Mr.] Morris provided *no argument* relating to any specific claim explaining why he felt the circuit court erred," Doc. 29, at 6 (emphasis in original), does not bear out upon review of Mr. Morris's brief to the Alabama Court of Criminal Appeals. As described in Mr. Morris's reply brief, *see* Doc. 27, at 24 n.13, Mr. Morris's allegations of ineffective assistance of counsel were discussed in one section of his Court of Criminal Appeals brief (Section I), which was comprised of three sub-sections (Section I.A, I.B, and I.C). Over the first several pages of the section, comprised of the first two sub-sections and the beginning of the third sub-section, Mr. Morris presented several arguments for why the state circuit court's summary dismissal of his ineffective assistance of counsel claims was in error, including that: (i) the circuit court erred by considering his allegations separately instead of as

---

[4] *See also Taylor v. Dunn*, 2018 WL 575670, at *13 ("The appellate court proceeded to make the following determinations, among others, in applying Rule 28(a)(10) to Taylor's appellate brief: (i) 'Parts III.C.2.–III.C.5. and portions of Part III.D. of Taylor's brief consist almost entirely of scant summaries of the claims from Taylor's petition that, he says, should not have been summarily dismissed'; (ii) 'Making a nonspecific reference to "extensive legal arguments" in the Rule 32 petition does not comply with Rule 28(a)(10)'; (iii) 'in many of the arguments in Parts III.C. and III.D. of his brief, Taylor makes only general allegations and refers only to paragraphs of the petition without presenting any substantive legal or factual argument at all'; and (iv) 'many "arguments" in Taylor's brief consist of little more than a cursory summary of the claims from the petition.'" (record citations omitted)).

parts of one claim with many corresponding factual allegations, *see* Vol. 44, Tab #R-86, at 5-7; (ii) the circuit court erred in its decision that Mr. Morris's allegations in the petition were insufficiently specific under Alabama Rule of Criminal Procedure 32.3 and 32.6(b) and failed to state a material issue upon which relief could be granted under Rule 32.7(d) because Mr. Morris alleged facts that, if true, entitle him to relief, citing and discussing Alabama Supreme Court decisions in *Ex parte Williams*, 651 So. 2d 569, 573 (Ala. 1992), *Ex parte Boatwright*, 471 So. 2d 1257, 1258 (Ala. 1985), and *Ex parte Land*, 775 So. 2d 847, 855 (Ala. 2000), *see* Vol. 44, Tab #R-86, at 7-9; and (iii) the circuit court erred by improperly applying the burden of proof to Mr. Morris's petition rather than the burden of pleading, *see id.* at 9-10.  Mr. Morris then went on to argue at length that his allegations of ineffective assistance of counsel in his Rule 32 petition were facially meritorious—per the standard set forth in *Land*, 775 So. 2d at 855—and thus sufficiently pled.  Vol. 44, Tab #R-86, at 10-59.

      Inexplicably, when considering Mr. Morris's arguments on his ineffective assistance of counsel claims, the Alabama Court of Criminal Appeals ruled on some arguments, *see Morris III*, 261 So. 3d at 1188-89 (Vol. 45, Tab #R-90, at 12-14) (addressing argument that circuit court erred when it divided Mr. Morris's ineffective-assistance-of-counsel claim into many separate claims); *id.* at 1189 (Vol. 45, Tab #R-90, at 14) (addressing argument that circuit court erred by confusing the burden of pleading and burden of proof); did not address the argument that the circuit court's summary dismissal violated *Williams*, *Boatwright*, and *Land*; and discussed only the portion of his argument describing his claims of ineffective assistance of counsel as facially meritorious, *see* Vol. 44, Tab #R-86, at 10-59, in concluding that Mr. Morris violated Rule 28(a)(10), *see Morris III*, 261 So. 3d at 1189-95 (Vol. 45, Tab #R-90, at 14-27).  This parsing of Mr. Morris's argument—and, in particular, the failure to acknowledge that Mr. Morris's brief

contains a discussion of how the state circuit court's summary dismissal of his petition violated Alabama Supreme Court precedent in *Land*—reflects an unwarranted reading of his brief. The state court's application of Rule 28(a)(10) without considering all of Mr. Morris's arguments is entirely out-of-step with Alabama courts' prior application of the rule. *See Taylor v. Dunn*, 2018 WL 575670, at *16 ("Alabama law specifies that Rule 28(a)(10) is not to be liberally or gratuitously applied in the interests of convenience or expedience to whittle down a voluminous appeal.").

*Third*, although Respondent acknowledged that Mr. Morris's brief to the Alabama Court of Criminal Appeals does argue that his Rule 32 petition was sufficiently specific based on *Land*, it attempts to minimize this discussion by characterizing it as "overarching, generalized, and conclusory" while wrongly asserting that it is insufficient to meet the requirements of Rule 28(a)(10). Doc. 29, at 9. In fact, the Alabama Court of Criminal Appeals found another appellant's brief in compliance with Rule 28(a)(10) under similar circumstances. In *Davis v. State*, 9 So. 3d 539 (Ala. Crim. App. 2008), the Court of Criminal Appeals considered a brief that "failed to argue any of his 34 individual claims of ineffective assistance" and instead relied on "one general claim that 'the evidence is simply overwhelming that defense counsel failed under any technical standard of measurement' and that '[n]o excuses advanced by the State and adopted by the Court hold up.'" *Id.* at 546 (alteration in original) (quoting State's brief at pages 20-21). Yet, the court found that "[the appellant's] brief is marginally sufficient to fulfill the requirements of Rule 28(a)(10)." *Id.* (quoting *Borden*, 60 So. 3d at 944).

The brief considered in *Davis* is more analogous to Mr. Morris's than that in *Taylor v. Dunn*, which Respondent again holds up on this point. In *Taylor v. Dunn*, the petitioner's appellate brief in the state court merely referenced back to its petition and, at times, referenced

general principles of law with respect to multiple claims premised on different legal theories. *See* 2018 WL 575670, at *13. Mr. Morris's brief presented the argument, concerning one type of claim (ineffective assistance of counsel), that his petition had adequately pled facially meritorious claims based on specific Alabama Supreme Court precedent, and then he described in detail the basis for each of those claims before addressing his other claims. Under decisions by Alabama courts up until Mr. Morris's appeal, this is all that is required to satisfy Rule 28(a)(10), even if Respondent's counsel or "another attorney may have treated the ineffective-assistance-of-counsel argument differently." *See Borden*, 60 So. 3d at 944; *see also Gaines v. Price*, No. 2:15-cv-1822-VEH-TMP, 2017 WL 2296962, at *21 (N.D. Ala. May 2, 2017) (finding that the state appellate court had rested on an inadequate state ground when dismissing a state court brief under Rule 28(a)(10), even though that brief only discussed an issue over four pages and "did not present the most comprehensive or elegant argument"), *report and recommendation adopted*, No. 2:15-cv-1822-VEH-TMP, 2017 WL 2289105 (N.D. Ala. May 25, 2017).

Just as in *Gaines*, Mr. Morris should receive consideration of his ineffective assistance claims on the merits as part of federal habeas review:

> [T]he brief [Mr. Morris] submitted sufficiently supplied facts and authority that would have allowed the appellate court to address the issue on the merits. Accordingly, the application of the procedural bar to . . . claim[s] relating to trial counsel's [performance] as a matter of federal law, was manifestly unfair, arbitrary, and exorbitant, and the issue is not precluded from review in this federal habeas action.

*Gaines*, 2017 WL 2296962, at *21. No adequate state-law ground hinders consideration of Mr. Morris's ineffective assistance claims. *See, e.g.*, *Lee*, 534 U.S. at 376.

**II.     Mr. Morris Has Pled Facially Meritorious Ineffective Assistance of Counsel Claims, Notwithstanding Respondent's Arguments.**

As detailed at length in his petition, reply brief, and motion for evidentiary hearing, the state court unreasonably denied Mr. Morris's ineffective assistance claims on the merits despite clearly pled facts showing that trial counsel's performance fell well below a constitutionally adequate level of representation, which made the difference at both the guilt phase and penalty phase.  *See* Doc. 1, ¶¶ 101-213, at 30-78; Doc. 27, at 19-53; Doc. 28, at 6.  In its opposition, Respondent generally "stands by its discussion of the ineffective assistance claims in its brief," Doc. 29, at 11, but takes on a handful of arguments raised in Mr. Morris's reply brief, *id.* at 12-20.  None of Respondent's challenges defeat the ineffective assistance of counsel claims raised by Mr. Morris.

*First*, Respondent argues that it never "conflated a decision under plain error review with a decision about whether counsel provided ineffective assistance" and argues that Mr. Morris was wrong to suggest otherwise.  Doc. 29, at 12 (alterations and quotation marks omitted).  But in fact, Respondent stated in its response brief that "[b]ecause [an underlying merits claim] did not constitute reversible error, [Mr.] Morris's counsel could not have been ineffective for failing to object."  *See* Doc. 22, at 64.  Now, in its opposition, Respondent concurs with Mr. Morris that a finding of prejudice on an ineffective assistance claim and a plain error determination on direct appeal are not equivalent, and a court must independently consider the ineffective assistance claim. Doc. 29, at 12 (citing *Ex parte Taylor*, 10 So. 3d 1075, 1078 (Ala. 2005)).  Respondent acknowledges four ineffective assistance claims where the state appellate court decided the underlying merits claim on plain error review:  "Jury instructions about what to do when the weight of aggravating and mitigating circumstances are equal, [Mr.] Morris's right to speedy trial, interruptions of his testimony by the trial court, and a prosecutor's exhortation during

10

closing arguments." *Id.* at 13 & n.47 (citing Doc. 22, at 65, 80, 83-84, 87).  Those ineffective assistance claims demand a reasonable review that the state court did not provide.

Otherwise, Respondent argues that, for eight of Mr. Morris's ineffective assistance of counsel claims, the state court made a relevant finding of no error on direct appeal.  Doc. 29, at 13.  Even assuming that Respondent's reading of the state court's opinion is correct,[5] for these claims, Mr. Morris's ineffective assistance claims are premised on the argument that any reasonable counsel could have and would have done more to develop and address the underlying issues at trial:

- Counsel failed to object to additional penalty-phase jury instructions which erroneously omitted (1) the requirement that the jury must agree unanimously on the existence of an aggravating circumstance before recommending death; and (2) the fact that the jury did not need to reach unanimity on any mitigating circumstance.  *See* Doc. 1, ¶¶ 143-45, at 51-52 (Section D.1.b).  Notably, the state appellate court was wrong on the underlying merits, as these instructions were a constitutional violation.  *See id.* ¶¶ 281-84, at 105-07.  At the least, counsel could have pointed out the unfairness of these instructions and advocated for crucial changes in the language.

- Counsel failed to object to the double counting of the same aggravating circumstance—i.e., counting both robbery and burglary—even though Alabama courts determined it was improper to do so in *Powell v. State*, 631 So. 2d 289, 293

---

[5] Respondent presents its reading without any reference to the actual opinion.  In particular, Respondent's reading does not address the state court's repeated reference to the plain error standard when assessing the underlying claims on direct appeal.  *See Morris v. State*, 60 So. 3d 326, 350, 364, 367 (Ala. Crim. App. 2010) ("*Morris II*") (Vol. 38, Tab #R-87).

11

(Ala. Crim. App. 1993).  *See* Doc. 1, ¶¶ 150-52, at 54-55 (Section D.1.c).  Even if the court refused to follow *Powell*, counsel could have pointed out the unfairness of double counting to the jury, but counsel did not raise the issue.

- Counsel completely failed to object to or impeach the introduction of a so-called eyewitness who had a brief interaction with a man outside the decedent's home hours before the crime, and then identified Mr. Morris as that man eight hours later in a one-man showup.  *Id.* ¶¶ 153-57, at 55-57 (Section D.2.a).  The admission of this testimony was a constitutional violation.  *See id.* ¶¶ 50-66, at 10-15.  But even if the state court refused to acknowledge the unconstitutionality of the one-man showup, any reasonable counsel would have still taken appropriate efforts to point out the inconsistencies in the witness's testimony during cross examination, Vol. 41, Tab #R-82, ¶¶ 42-43, at 17, or retained an eyewitness identification expert that would have pointed out the flaws in the testimony, *id.* ¶ 45, at 17-18.  Mr. Morris's counsel did neither.

- Counsel failed to present a proper challenge the DNA evidence from the unlit cigarette, particularly by failing to retain an expert that could explain how that cigarette had been improperly destroyed before Mr. Morris had the chance to test it.  Doc. 1, ¶¶ 158-63, at 58-60 (Section D.2.b).  Even if that evidence was admissible under the Constitution (which it was not), reasonable counsel could have and would have retained an expert to call the evidence into question.

- Counsel failed to object to outrageous and unconstitutional statements made by the State during closing argument at trial, including (1) calling Mr. Morris a liar; (2) contending that the jury could only acquit Mr. Morris if it found a conspiracy

among the state's witnesses; and (3) suggesting DNA evidence was inherently reliable. *Id.* ¶¶ 259-73, at 96-102 (Section D.2.l).  Despite the state appellate court's unreasonable ruling to the contrary, these statements clearly violated the Constitution.  *See, e.g.*, *United States v. Young*, 470 U.S. 1, 18-19 (1985); *United States v. Eyster*, 948 F.2d 1196, 1207 (11th Cir. 1991); *Duncan v. Stynchcombe*, 704 F.2d 1213 (11th Cir. 1983); *United States v. Vargas*, 583 F.2d 380, 386-87 (7th Cir. 1978).  Yet counsel did nothing.

*Second*, Respondent posits that Mr. Morris's state habeas petition was properly dismissed under Alabama Rule of Criminal Procedure 32.6 because, even though the petition identifies witnesses that counsel failed to identify and call to testify, the petition does not identify those witnesses by name.  Doc. 29, at 13-17.  But Rule 32.6 does not impose a per-se "name witnesses" rule.  The Alabama Supreme Court has never required that a petition include this formality.  *See id.* at 14-19 (not citing any Alabama Supreme Court decisions).  Indeed, Alabama courts have held that petitions adequately pleaded ineffective assistance during the investigation and presentation of mitigation evidence without once mentioning whether the petition included a witness's name.  *Hodges v. State*, 147 So. 3d 916, 963 (Ala. Crim. App. 2007), *rev'd on other grounds by Ex parte Hodges*, 147 So. 3d 973 (Ala. 2011); *see also Land*, 775 So. 2d at 853-54.  Respondent does not address either *Hodges* or *Land*, *see* Doc. 29, at 14-16, which were raised in Mr. Morris's reply brief, *see* Doc. 27, at 29.

Instead, Respondent incorrectly contends that Mr. Morris only cited one case to support his argument, *Daniel v. Commissioner, Alabama Department of Corrections*, 822 F.3d 1248, 1276 (11th Cir. 2016), and then misstates the conclusions reached in that decision.  Doc. 29, at 15-16.  According to Respondent, the Eleventh Circuit in *Daniel* did not grant relief on

13

petitioner's guilt phase ineffective assistance claims, and that means the Eleventh Circuit approved of the state court's ruling that some of those claims failed because they did not name witnesses. *Id.* at 16. But in fact, the Eleventh Circuit only denied those claims "[b]ecause Mr. Daniel has not raised his guilt phase ineffective assistance of counsel claims in his appellate briefing" and therefore the court "consider[ed] them abandoned." *Daniel*, 822 F.3d at 1254 n.1. The Eleventh Circuit's ruling on those claims had nothing to do with the absence of witnesses' names. Indeed, the Eleventh Circuit went on to find that the state court's decisions on the *penalty phase* ineffective assistance claims were unreasonable, *id.* at 1264-65, even though the state court dismissed some of those claims on the ground that defendant "was required to identify the names of the witnesses he alleged should have been interviewed, to plead with specificity what admissible information those witnesses would have provided, and to allege how the result of the proceedings would have been affected by the additional testimony," *Daniel v. State*, 86 So. 3d 405, 430 (Ala. Ct. App. 2011) (internal quotation marks omitted); *see also* Doc. 27, at 30.

As in *Daniel*, Mr. Morris's state habeas petition clearly identifies the witnesses and testimony that his trial counsel should have presented. In particular, Mr. Morris explains how counsel failed to prepare witnesses "including his other sister, Debera Morris; a social worker who had interacted with Mr. Morris while he was incarcerated; and one of the psychiatrists who had evaluated Mr. Morris." Vol. 41, Tab #R-82, ¶ 13, at 5; *see also id.* ¶ 54, at 21-22 (noting how trial counsel "failed to call to testify any of Mr. Morris's teachers; childhood or adult friends; other family members, including Mr. Morris's other sister, Debera Morris; neighbors; counselors; doctors; acquaintances; or any of the medical experts who had previously determined that Mr. Morris" was intellectually disabled). It is clear from these allegations that there were specific individuals who could and should have been called to testify. Respondent's assertion

14

that this does not suffice, simply because the petition did not include the witnesses' proper names, is incorrect.

*Third*, Respondent contends that some of Mr. Morris's claims are unexhausted and procedurally defaulted because they include allegations that expand upon his state-court arguments. Doc. 29, at 17-18. Respondent cites *Kelley v. Secretary for Department of Corrections*, 377 F.3d 1317 (11th Cir. 2014), and notes that the exhaustion doctrine can bar "specific assertions of fact that might support relief." Doc. 29, at 17 (emphasis omitted) (citing *Kelley*, 377 F.3d at 1344). However, the court in *Kelley* "recognize[d] that habeas petitioners are permitted to clarify the arguments presented to the state courts on federal collateral review" and "simply require[d] that petitioners present their claims to the state courts such that the reasonable reader would understand each claim's particular legal basis and specific factual foundation." 377 F.3d at 1344-45. The *Kelley* court illustrated exactly what was not permitted in federal court: "allowing a habeas petitioner to allege a single instance of ineffective assistance in his state post-conviction proceedings and then proceed to federal court to allege additional instances" or allowing a petitioner to "preserve otherwise unexhausted, specific claims of ineffective assistance merely by arguing that their lawyers were ineffective in a general and unspecified way." *Id.* at 1344 (internal quotation marks and citations omitted). Respondent does not, and cannot, suggest that Mr. Morris alleged a new instance of ineffective assistance in federal court or made one general argument about ineffective assistance.

Instead, Respondent's opposition presents only one specific objection, criticizing Mr. Morris's claims concerning the penalty-phase jury instructions. Doc. 29, at 18. However, "if 'the substance of a federal habeas corpus claim [was] first . . . presented to the state courts,' 'despite variations in the factual . . . allegations urged in its support,' the claim is exhausted."

15

*Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1286 (11th Cir. 2012) (alterations in original) (quoting *Picard v. Connor*, 404 U.S. 270, 277-78 (1971)).  For the claims in question, Mr. Morris did exactly that:  His state habeas petition listed every failing in the jury instructions, to which counsel did not object, and explained that these instructions violated state and federal law. Vol. 41, Tab #R-82, ¶ 85, at 34-35.  In making this argument, Mr. Morris's petition cited *Ex parte McNabb*, 877 So. 2d 998, 1004 (Ala. 2004), *Ring v. Arizona*, 536 U.S. 584 (2002), *Mills v. Maryland*, 486 U.S. 367 (1987), and *Ex parte Bryant*, 951 So. 2d 724 (Ala. 2002).[6]  Vol. 41, Tab #R-82, ¶ 85, at 34-35.  "[W]here the petitioner calls the state court's attention to ineffective assistance problems and the court examines the crucial aspect of counsel's representation, as in this case, the petitioner may relitigate the constitutional claim in federal court." *Ogle v. Johnson*, 488 F.3d 1364, 1369 (11th Cir. 2007) (quoting *Francis v. Spraggins*, 720 F.3d 1190, 1193 (11th Cir. 1983)).

*Finally*, Respondent insinuates that none of counsel's constitutionally deficient errors were prejudicial.  Doc. 29, at 19-20.  But the facts of this case show far more than a "reasonable probability" of a different outcome.  *Strickland v. Washington*, 466 U.S. 668, 695 (1984).  At the guilt phase, the case was so weak that a previous trial ended with a hung jury.  *See, e.g.*, *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 242 (3d Cir. 2017)  (holding that a prior trial ending in a hung jury weighs on the prejudice inquiry); *Christopher v. Florida*, 824 F.2d 836, 847 (11th Cir. 1987) (same).  At the penalty phase, a change in the vote of one juror would have turned the

---

[6] Respondent contends that Mr. Morris's federal habeas petition "added copious facts and case law" to this argument.  Doc. 29, at 18.  Even if true, that would not constitute a failure to exhaust the claim.  *See Kelley*, 377 F.3d at 1344 ("We recognize that habeas petitioners are permitted to clarify the arguments presented to the state courts on federal collateral review provided that those arguments remain unchanged in substance.").  And in fact, the argument in the federal habeas petition simply includes a longer description of the jury instructions and two additional cases that provide supplemental authority.  Doc. 1, ¶¶ 143-49, at 51-54.  That is not "copious."

16

advisory verdict to life imprisonment without parole.  *See, e.g.*, *Daniel*, 822 F.3d at 1276 (finding prejudice when a "jury voted 10 to 2 for death" because "[u]nder Alabama law, if one more juror voted for a sentence of life, without parole, there could have been no recommendation for death"); *Cooper v. Sec'y, Dept' of Corr.*, 646 F.3d 1328, 1356 (11th Cir. 2011) (finding prejudice where "some jurors nonetheless were inclined to mercy even with[] having been presented with [so little] mitigating evidence" (alterations in original) (internal quotation marks omitted)).  A single constitutionally deficient error could have made the difference in such a case.  Mr. Morris's counsel made several such errors.

The state court's rejection of Mr. Morris's ineffective assistance claims on their face, without holding an evidentiary hearing, was contrary to, and involved unreasonable applications of, clearly established federal law set forth in United States Supreme Court decisions and was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Mr. Morris therefore is entitled to the evidentiary hearing he never received in state court.

### III. Mr. Morris Is Entitled to an Evidentiary Hearing Under the Standard Set Forth in *Madison v. Commissioner, Alabama Department of Corrections*.

At the end of its motion, Respondent asserts that Mr. Morris is not entitled to an evidentiary hearing under the three-part standard set forth by the Eleventh Circuit: "(1) the federal claim was adjudicated on the merits in state court; (2) there is a determination based only on the state court record that the petitioner has cleared the § 2254(d) hurdle; and (3) the habeas petitioner tried, but was not given the opportunity to develop the factual bases of the claim in state court within the meaning of 28 U.S.C. § 2254(e)(2)." *Madison*, 761 F.3d at 1250.  Yet, consistent with *Madison*, Mr. Morris's ineffective assistance claims were indeed adjudicated on the merits in state court, the state court reached an adjudication on those claims that was unreasonable, and Mr. Morris was never given the opportunity to develop the factual basis of his

ineffective assistance claims despite trying at every appropriate stage in state court to do so. Thus, a hearing—and federal habeas relief—is warranted.

In particular, Respondent claims "it is questionable" whether the facts of Mr. Morris's case meet the third requirement of *Madison*: "[T]he habeas petitioner tried, but was not given the opportunity to develop the factual bases of the claim in state court within the meaning of 28 U.S.C. § 2254(e)(2)." Doc. 29, at 21-22; *Madison*, 761 F.3d at 1250. However, Respondent fails to note that "precedent says that when a petitioner requested an evidentiary hearing at every appropriate stage in state court and was denied a hearing on the claim entirely, the petitioner has satisfied the diligence requirement for purposes of avoiding Section 2254(e)(2)." *Pope*, 680 F.3d at 1289 (citing *Valle v. Sec'y for Dep't of Corr.*, 459 F.3d 1206, 1216 (11th Cir. 2006), and *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002)).

Mr. Morris met the standard set by this precedent, as he requested an evidentiary hearing at every appropriate stage in state court, but was denied a hearing on the claim entirely. He first filed a detailed state habeas petition in the Circuit Court of Jefferson County, Alabama, which included claims about the ineffective assistance of his counsel and requested an evidentiary hearing on the basis of those claims. Vol. 41, Tab #R-82, ¶¶ 7-117, 177, at 3-50, 74. As discussed above and in Mr. Morris's previous filings, that petition met Alabama's pleading standards. After the State filed a motion to dismiss, Mr. Morris filed a response that extensively cited authority and explained why the State's challenge to the petition was erroneous. Vol. 42, Tab #R-84, at C. 285-92. After the Circuit Court dismissed Mr. Morris's petition, Mr. Morris submitted an objection to the dismissal. Vol. 43, Tab #R-85, at 92-99. He then filed a notice of appeal to the Alabama Court of Criminal Appeals. Vol. 41, at 63. Mr. Morris then submitted an appellate brief that detailed the Circuit Court's erroneous decision to dismiss his ineffective

18

assistance claims without an evidentiary hearing. Vol. 44, Tab #R-86, at 5-59. After the Alabama Court of Criminal Appeals affirmed the Circuit Court's decision, Mr. Morris filed an application for rehearing. Vol. 45, Tab #R-89. He then filed a petition for a writ of certiorari from the Alabama Supreme Court, which again detailed the courts' errors in refusing to even grant a hearing on his ineffective assistance claims. Vol. 46, Tab #R-92, at 1-98. Finally, when the Alabama Supreme Court granted the petition for a writ of certiorari on Mr. Morris's claim that his counsel was ineffective for failing to present any evidence at the penalty phase, Mr. Morris detailed his arguments in both an opening brief, Vol. 47, Tab #R-93, and reply brief, Vol. 48, Tab #R-95.

Mr. Morris's repeated attempts to obtain a hearing exceed the efforts presented by the petitioner in *Pope*, who was found to have exercised the diligence required to receive an evidentiary hearing in federal court. The petitioner in *Pope* filed a motion before the state post-conviction court which was so short that it led the Eleventh Circuit to observe that the "allegations are surely brief." *Pope*, 680 F.3d at 1290. In particular, in the *Pope* petitioner's state-court motion, the ineffective assistance claim at issue was presented in four sentences without a single citation to case law or the record. *See* State Court Record, Appellate Record from 3.850 Proceeding - Florida Supreme Court No. 74,614, Ex. D, Vol. 3 of 3 (Dkt. # 41), at 46, *Pope v. Crews*, 936 F. Supp. 2d 1331 (S.D. Fla. 2013). Nonetheless, this brief motion was enough to satisfy Florida pleading standards, so the Eleventh Circuit held that the petitioner had diligently pursued his claim. *Pope*, 680 F.3d at 1290-91.[7] Mr. Morris's petition to the state post-

---

[7] Notably, Mr. Pope failed to clear the § 2254(d) hurdle and thus did not satisfy every part of the *Madison* test. *See Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1271 (11th Cir. 2014). Nonetheless, his brief petition showed the requisite diligence under the third prong of the *Madison* test.

conviction court included forty-seven pages detailing the ineffective assistance of his trial counsel, which surpasses the efforts considered in *Pope*, satisfies Alabama pleading standards, and demonstrates the diligence required to merit a federal evidentiary hearing.

For these reasons, and those reasons set forth in Mr. Morris's Petition for Writ of Habeas Corpus (Doc. 1), Reply Brief (Doc. 27), and Motion for Evidentiary Hearing in Support of Petition for Habeas Corpus (Doc. 28), Mr. Morris respectfully requests that this Court grant an evidentiary hearing.

Respectfully submitted,

*s/Andrew R. Guy*
Anna P. Engh
(admitted *pro hac vice*)
Sarah E. Tremont
(admitted *pro hac vice*)
Andrew R. Guy
(admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Fax: (202) 778-5538
Email: aengh@cov.com
          stremont@cov.com
          aguy@cov.com

Ryan C. Becker (ASB-7228R48B)
EQUAL JUSTICE INITIATIVE
122 Commerce Street
Montgomery, AL 36104
Telephone: (334) 269-1803
Fax: (334) 269-1806
Email: rbecker@eji.org

Counsel for Petitioner Alfonso Morris

Dated: September 30, 2019