# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALFONSO MORRIS, | ) |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) Case No. 2:18-cv-01578-RDP |
|  | ) |
| JOHN Q. HAMM,[1] Commissioner, | ) |
| Alabama Department of Corrections, | ) |
|  | ) |
| Respondent. | ) |

## RESPONDENT'S MOTION FOR TIMELY RULING

Comes now Respondent John Q. Hamm, Commissioner of the Alabama Department of Corrections, and respectfully moves this Honorable Court to issue a timely ruling in this matter, which is fully briefed and has been pending before the Court for more than four years. As grounds in support of the motion, Respondent offers the following:

1. This is a capital murder case in which the death penalty was imposed.

---

1. John Hamm is currently the Commissioner of the Alabama Department of Corrections. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Respondent moves to substitute Mr. Hamm for Jefferson S. Dunn.

   Respondent also notes that the proper respondent in a habeas action is not the Commissioner, but rather "the person who has custody over" the Petitioner, 28 U.S.C. § 2242—here, the warden of the facility where the Petitioner is being housed. In this case, that would be Terry Raybon, Warden of Holman Correctional Facility, not Mr. Hamm, a more "remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

2.	In April 2003, a Jefferson County jury found Petitioner Alfonso Morris guilty of two counts of capital murder for the robbery– and burglary–murder of eighty-five-year-old Miriam Rochester. The jury recommended 10–2 that he be sentenced to death, and the trial court accepted that recommendation.[2]

3.	In November 2005, the Alabama Court of Criminal Appeals (CCA) reversed and remanded for a new trial because Petitioner was not provided with funds to hire an independent mental health expert.[3]

4.	Back in Jefferson County, the trial court held a hearing in November 2007 to determine whether Petitioner was intellectually disabled and thus ineligible for the death penalty. The court determined that Petitioner had not made the necessary showing.[4]

5.	Petitioner was tried for a second time in April 2008, but the jury hung, and the court declared a mistrial.

6.	Petitioner was tried for a third time in May 2008. As in the first trial, the jury found him guilty on both counts and recommended death by a vote of 10–2. The trial court accepted that recommendation and sentenced Petitioner to death in June 2008.[5]

---

2. *See Morris v. State*, 956 So. 2d 431, 433 (Ala. Crim. App. 2005).
3. *Id.* at 452–53.
4. *State v. Morris*, 01-CC-1997-5397, 2008 WL 8096901 (Jefferson Cnty. Cir. Ct. June 20, 2008).
5. *Id.*

7. CCA affirmed in February 2010.[6] The Alabama Supreme Court denied certiorari later that year,[7] and the United States Supreme Court did likewise in 2011.[8]

8. Through counsel, Petitioner filed a timely Rule 32 petition for state postconviction relief in September 2011.[9] The State answered and moved to dismiss, and in August 2012, the circuit court summarily dismissed the petition.[10] Petitioner timely appealed.

9. CCA affirmed in April 2016.[11] The Alabama Supreme Court initially granted certiorari, then quashed the writ in March 2018.[12]

10. On September 25, 2018, through counsel, Petitioner timely filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[13] Respondent filed an answer to the petition and a brief on February 12, 2019.[14] Petitioner filed a reply brief on April 29, 2019.[15]

---

6. *Morris v. State*, 60 So. 3d 326 (Ala. Crim. App. 2010).
7. *Ex parte Morris*, No. 1091052 (Ala. Sept. 17, 2010).
8. *Morris v. Alabama*, 562 U.S. 1287 (2011) (mem.).
9. *Morris v. State*, 261 So. 3d 1181, 1186 (Ala. Crim. App. 2016).
10. *Id.*
11. *Id.* at 1202.
12. *Ex parte Morris*, No. 1151265 (Ala. Mar. 23, 2018).
13. Doc. 1.
14. Docs. 21, 22.
15. Doc. 27.

11. In April 2019, Petitioner moved the Court for an evidentiary hearing.[16] Respondent opposed the motion,[17] and the Court denied the motion in August 2019 without prejudice, pending the Court's review of the petition.[18]

12. In September 2019, Petitioner moved for leave to file a supplemental memorandum in support of his petition and request for evidentiary hearing.[19] The Court granted the motion in October 2019.[20]

13. Since that time, the only movement in this case has been attorney appearances and withdrawals.

14. It is axiomatic that "[f]ederal review of state court judgments, while an important check on possible constitutional abuses, should be carried out in a timely fashion to prevent unnecessary interference with a state's authority."[21] That is all the more true in capital cases.[22] Indeed, "Congress enacted AEDPA to reduce delays in

---

16. Doc. 28.
17. Doc. 29.
18. Doc. 30.
19. Doc. 31.
20. Doc. 32.
21. *McNair v. Allen*, 515 F.3d 1168, 1175 (11th Cir. 2008); *see also Spann v. Martin*, 963 F.2d 663, 673 (4th Cir. 1992) ("The respondents have a right to a prompt decision of the petitioner's claim on the merits. The public also has a vital interest in the fair and prompt conclusion of habeas corpus petitions in the federal courts, particularly when they involve a serious crime prosecuted by one of the states. The district court has a duty to decide cases within its jurisdiction.").
22. *See, e.g.*, *Rust v. Clarke*, 960 F.2d 72, 73 (8th Cir. 1992) ("The Supreme Court has pointed out the necessity of giving priority to capital habeas cases because of the interests of the petitioner, who may be unlawfully kept on death row, but also the state, whose interests in finality deserve the concern and deference of

the execution of state and federal criminal sentences, particularly in capital cases, and to advance the principles of comity, finality, and federalism."[23]

15. As set forth above, briefing in this case concluded in April 2019. This case has been ripe for disposition for more than four years.

16. Respondent is aware of the pressures on the Court's docket, particularly following the COVID-19 pandemic. Respondent is also sensitive to the fact that the capital habeas petition in this case is more than one hundred pages long, which is not a matter lightly disposed of. However, as the Supreme Court has noted, "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence."[24] There can be no finality while Petitioner's case sits in limbo in habeas.

WHEREFORE, for the foregoing reasons, Respondent respectfully moves this Honorable Court to issue a timely ruling in the above-styled cause.

Respectfully submitted,

Steve Marshall
*Alabama Attorney General*

*s/ Lauren A. Simpson*

---

the federal courts."); *id.* ("[A] capital [habeas] case should not be pending for almost four years. Wherever possible, such cases should be briefed within six months of filing and decided within a reasonable time thereafter.").
23. *Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022) (cleaned up).
24. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

                                                   Lauren A. Simpson
                                                   *Alabama Assistant Attorney General*
                                                   Counsel of Record *

                                                   State of Alabama
                                                   Office of the Attorney General
                                                   501 Washington Avenue
                                                   Montgomery, Alabama 36130–0152
                                                   (334) 242-7300
September 18, 2023                             Lauren.Simpson@AlabamaAG.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **Ryan Christopher Becker, Anna P. Engh, Andrew Guy,** and **Sarah Tremont.**

*s/ Lauren A. Simpson*
Lauren A. Simpson
*Alabama Assistant Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130–0152
(334) 242-7300
Lauren.Simpson@AlabamaAG.gov
